UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**HENRY BRYAN LOWE**          :          **DOCKET NO. 16-CV-221**
   **D.O.C. # 398433**

**VERSUS**          :          **JUDGE TRIMBLE**

**DARREL VANNOY ET AL.**          :          **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is a pro se application for a writ of habeas corpus pursuant to 28 U.S.C § 2254, filed by Henry Bryan Lowe ("petitioner"). Doc. 1. The petitioner is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections and is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Darrel Vannoy ("respondent"), warden, has responded. Doc. 17.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the application be **DENIED** and that the petition be **DISMISSED WITH PREJUDICE**.

**I.
BACKGROUND**

*A. Conviction*

The petitioner was charged by bill of indictment in the 36th Judicial District, Beauregard Parish Louisiana, with three counts of aggravated rape, three counts of sexual battery, and two

-1-

counts of indecent behavior with juveniles. Rec., pp. 46–48. The charges state that on November 6, 2003, the petitioner molested six-year-old sisters, A.S. and K.S., while he was a guest in their parents' home. *State v. Lowe*, 999 So.2d 194, 198–99 (La. Ct. App. 3d Cir. 2008). The petitioner was tried by jury and convicted of two counts of aggravated rape, two counts of sexual battery, and two counts of indecent behavior with juveniles on May 19, 2005. Rec., p. 40. He was subsequently sentenced to life imprisonment for the aggravated rape counts and concurrent sentences of 120 months for each count of sexual battery and 84 months on each count of indecent behavior. *Id.* at 42.

### B. Direct Appeal

The petitioner did not appeal his conviction within the time set out under Louisiana law. Instead, he filed two pre-appeal applications for post-conviction relief in the trial court on July 5, 2007, and September 13, 2007. Rec., pp. 554–85; *id.* at 606–21.

After lengthy proceedings, the Louisiana Third Circuit Court of Appeal reinstated his appeal rights. *Id.* at 1122. The petitioner then appealed his conviction and sentence to the Third Circuit. *Lowe*, 999 So.2d at 197. There he raised several assignments of error *pro se* and through counsel. *Id.* The Third Circuit reviewed the claims and denied relief. *Id.* at 198–211.

The petitioner then sought review in the Louisiana Supreme Court, which denied same on September 25, 2009. *State v. Lowe*, 18 So.3d 80 (La. 2009). The petitioner did not seek review in the United States Supreme Court. Doc. 1, p. 2.

### C. State Collateral Review

The petitioner filed his first application for post-conviction relief in the trial court on March 18, 2010.[1] Rec., pp. 2617–2637. There he raised the following claims: 1) the state violated his

---

[1] Under the prison mailbox rule, we would treat the date that the pleading was surrendered to prison authorities to be mailed to **the court** as the effective date of filing. *Causey v. Cain*, 450 F.3d 601, 604–07 (5th Cir. 2006). Here,

constitutional rights by introducing two post-arrest statements at trial and 2) he received ineffective assistance of counsel based on trial counsel's failure to pursue a motion to suppress these statements and failure to investigate intoxication as a defense. *Id.* The trial court denied relief after finding that both claims had already been raised in the petitioner's direct appeal. *Id.* at 2665. The petitioner sought review in the Third Circuit, which disagreed with the trial court's finding. *Id.* at 2725–26. It remanded the first claim to the trial court for reconsideration, as well as explanation from the petitioner on why he had not raised the issue on appeal. *Id.* The Third Circuit also denied the second claim on the merits. *Id.*

On reconsideration of the first claim, the trial court found that the petitioner inexcusably failed to pursue the issue on appeal and was thus barred from raising it on post-conviction relief under Articles 930.4(C) and 930.4(F). *Id.* at 2734. The petitioner again sought review in the Third Circuit, which reversed the trial court's ruling and remanded the claim for an evidentiary hearing and consideration on the merits. *Id.* at 2737. Following an evidentiary hearing, the trial court denied the first claim. *Id.* at 2803. The petitioner sought review three times in the Third Circuit, which denied the applications based on procedural deficiencies, primarily related to his failure to attach necessary copies of trial court documents. *Id.* at 4121, 4138, 4144. He sought review a fourth time and his application was apparently considered on the merits, with the Third Circuit finding no error in the trial court's ruling. *Id.* at 4431. The petitioner then sought review and a stay in proceedings in the Louisiana Supreme Court, which denied same on July 31, 2015. *Id.* at 4737.

Before this ruling the petitioner also filed a second application for post-conviction relief in the trial court on July 14, 2014, asserting that he had received new evidence in the form of

---

however, the petitioner only provides the date he mailed the pleading to the district attorney for his state pleadings. *E.g.*, Rec., pp. 2636–37. Because the petitioner has not provided the date the pleadings were surrendered for mailing to the court, and because the delay makes no difference to our timeliness finding below, we use the actual date of filing in our timeliness calculations.

affidavits supporting his innocence. *Id.* at 3261–3292. The trial court denied the application as "[d]uplicitous."[2] *Id.* at 3295. The petitioner sought review in the Third Circuit, which denied the application as untimely under Article 930.8 of the Louisiana Code of Criminal Procedure. *Id.* at 4459. He then sought review in the Louisiana Supreme Court, which issued the following ruling on November 30, 2015:

> Denied. The application was not timely filed in the district court, and relator has failed to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189.

*Id.* at 5167.

### D. *Federal Habeas Petition*

The instant petition was filed in this court on February 12, 2016, raising several claims for relief. Doc. 1, p. 10; doc. 1, att. 1, pp. 13–14.

## II.
### LEGAL STANDARDS ON HABEAS REVIEW

### A. *Timeliness*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

---

[2] The trial court's denial also references an attached ruling. Rec., p. 3295. However, like the respondent, we are unable to locate this ruling in the record.

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is only tolled, however, while applications for state review are pending and not between resolution of state review and the filing of the federal habeas application. *See Carey v. Saffold*, 122 S.Ct. 2134, 2138 (2002). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. *Procedural Default and Exhaustion of State Court Remedies*

Before proceeding to the merits of the issues raised in the petition, this court considers the doctrines of procedural default and exhaustion of state court remedies. Exhaustion and procedural default are both affirmative defenses that may be waived by the state if not raised in its responsive pleadings. *See, e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any claims by respondent under these doctrines, in addition to conducting our own review.

#### 1. *Exhaustion of State Court Remedies*

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir.

1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

### *2. Procedural Default*

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default)[3] or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

### C. *General Principles*

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *Corwin v. Johnson*, 150 F.3d 456, 471 (5th Cir. 1998). Section 2254(d) provides that a writ of habeas corpus shall not be granted unless the state court's adjudication on the merits resulted in a decision that was either (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. A petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling federal standard. *Early v. Packer*,

---

[3] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

123 S.Ct. 362, 365 (2002) (per curiam). Furthermore, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). A decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedents and arrives at a [contrary] result . . . ." *Bell v. Cone*, 125 S.Ct. 847, 850 (2005), quoting *Williams v. Taylor*, 120 S.Ct. 1495, 1519–20 (2000) (internal quotations omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination but rather he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 127 S.Ct. 1933, 1939 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Rather, the petitioner has to show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable. *Rice v. Collins*, 126 S.Ct. 969, 975 (2006).

### III.
#### LEGAL ANALYSIS

As a preliminary matter this court reviews the petitioner's application for timeliness, failure to exhaust state court remedies, and procedural default. If the claim is procedurally viable, its merits are considered under the general standards set forth in Section II.C.

*A. Timeliness Calculation*

The petitioner's conviction became final on December 25, 2009, when his time for seeking review in the United States Supreme Court expired. *See* Sup. Ct. R. 13; *see also Jimenez v. Quarterman*, 129 S.Ct. 681, 686–87 (2009) (state court's grant of an out of time direct appeal resets the date when conviction becomes final under § 2244(d)). Thus **83 days** accrued toward his one year limit before he filed his first application for post-conviction relief on March 18, 2010.

Under § 2244(d), only "properly filed" applications for post-conviction relief or other state collateral review can toll the one year limitation. "An application is '**properly** filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 121 S.Ct. 361, 364 (2000) (emphasis in original). Therefore, as respondent notes, the petitioner's first application for post-conviction relief did not toll the limitations period during the time it was rejected by the Third Circuit for failure to comply with applicable procedural rules. *See, e.g.*, *Clarke v. Rader*, 2012 WL 589207, *3–*6 (M.D. La. Jan. 20, 2012); *aff'd*, 721 F.3d 339 (5th Cir. 2013), *cert. denied*, 134 S.Ct. 698 (2013).

The limitations period was thus untolled on or about April 5, 2013, when the Third Circuit ruled that the petitioner's writ application was deficient. Rec., p. 4121; *see, e.g.*, *Smith v. Rogers*, 2014 WL 2972884, *4 (W.D. La. Jul. 2, 2014) (extending tolling until the application was rejected). Eighteen days accrued before the second writ application was filed on April 23, 2013. Rec., p. 4138. Tolling resumed until this application was denied on May 17, 2013. The third writ application was filed on October 8, 2013, allowing another 144 days to accrue before tolling resume. *Id.* at 4144. The third writ application was then denied on December 10, 2013. *Id.* Thus an additional 24 days accrued before the fourth writ application, which was deemed acceptable, was filed on January 3, 2014. *Id.* at 4431. Accordingly, an additional **186 days** accrued while the

-9-

petitioner attempted to properly file his writ application. The limitations period remained tolled from that date until the Louisiana Supreme Court's ruling on July 31, 2015. *See Melancon*, 259 F.3d at 407 (properly filed writ application tolled time limit for subsequent proceedings, but did not retroactively cure untolled time accrued as a result of deficiency in earlier application). Therefore an additional **196 days** accrued before the instant petition was filed on February 12, 2016, meaning that said petition is untimely with **465 days** counted against the one year limit.

### B. *Grounds for excusing untimeliness*

The petitioner first asserts that the procedural deficiencies that prevented him from timely filing his first application for post-conviction relief were due to the trial court's failure to provide him with a copy of the transcript from his evidentiary hearing. We note, however, that the Third Circuit also cited other procedural deficiencies in denying the first three writ applications.[4] Accordingly, we find no grounds for excusing the time that accrued to properly file the writ application.

The petitioner also asserts that his untimeliness should be excused based on a showing of actual innocence in his second application for post-conviction relief. A "credible showing of actual innocence" serves as an equitable exception to the limitations period. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1934 (2013). However, such an exception is only available where the petitioner can satisfy the demanding standard set forth for pleading actual innocence under *Schlup v. Delo*, 115 S.Ct. 851 (1995). *Id.* at 1928, 1936. The Fifth Circuit holds that (1) the petitioner "bears the burden of establishing that it is more likely than not" that the *Schlup* standard has been met, (2) there is

---

[4] *See* Rec., p. 4121 (first writ application also denied due to petitioner's failure to attach a certificate of service on the trial court and prosecutor and to include copies of additional pleadings filed in reference to the application for post-conviction relief); *id.* at 4138 (second writ application also denied due to failure to provide court with copy of motions filed with trial court); *id.* at 4144 (third writ application also denied for failure to include a copy of the indictment, pertinent court minutes, and prior trial court rulings).

no presumption of innocence in a habeas proceeding, and that the petitioner actually comes before the court on habeas review "with a strong—and in the vast majority of cases, conclusive—presumption of guilt;" and that (3) *Schlup* "does not merely require a showing that reasonable doubt exists" but instead that in light of newly presented evidence, no reasonable juror would have found the defendant guilty. *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005).

The petitioner's actual innocence claim is based on affidavits attached to his second application for post-conviction relief. He uses these to support his claim that he was having an affair with the victims' mother and that she prompted her daughters to fabricate the claims of sexual assault. The first affiant, Jeraldine Lowe, stated in 2007 that the victims' mother would visit her trailer and use the telephone to call the petitioner. Rec., p. 3302. The second affiant, Alisha Johns, stated in 2009 that during the trial she saw one of the victims run out of the courtroom after testifying and tell her mother, "Mama, Mama, I did it just like you told me to," and that the two then walked away laughing. *Id.* at 3304. The third statement is undated and unsworn. *See id.* at 3305–08. There Debby Woods declared that she had known the victims and their mother for four years, in addition to having known the petitioner all his life. *Id.* at 3306. She described how the victims' mother confessed that she had done something bad and did not know how to fix it, but would not say what it was. *Id.* at 3306–07. She also stated that one of the victims told her that the petitioner had not hurt them. *Id.* at 3307. Finally, Woods asserted that, to her knowledge, the victims' mother was a liar and "there is nothing she won't do to get what she wants." *Id.*

The fourth affiant, Daniel Mosley, stated in 2006 that, at some unspecified time, he heard the victims' mother say "that she had one guy in jail" in another town and that "she [knew] how to do it again."[5] *Id.* at 3309. Mosley provided another statement in 2007, adding more detail to the

---

[5] Mosley also alleged that, while he was testifying at the petitioner's trial, he overheard the district attorney say that "the trial was going to be over one way or another that day" because he was attending his daughter's college graduation

-11-

statements he described from the victims' mother and father above. *Id.* at 3311. Finally, the victims' father stated that he had told law enforcement from the beginning that he did not believe the charges, that the victims' mother drank alcohol and used illegal drugs, and that she was having a sexual relationship with the petitioner. *Id.* at 3313–14.

Both Daniel Mosley and the victims' father testified at trial for the defense and provided the same information described above. *See id.* at 1497–1508 (testimony of Daniel Mosley); *id.* at 1508–41 (testimony of victims' father). Therefore their affidavits are not newly discovered evidence and cannot be used in support of the petitioner's actual innocence showing under *McQuiggin* and *Schlup*. Of the three remaining affiants, two made their statements before the petitioner had even filed his first application for post-conviction relief. Therefore only the undated statement of Debby Woods might count as newly discovered evidence.

Woods' statement may paint a picture of the victims' mother's character; however, Woods does not explain her late decision to come forward, assuming her statement comes after the first application for post-conviction relief, nor does she provide any basis for this court to credit her account. The petitioner fails to show that, in light of Woods' statement, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 115 S.Ct. at 868.

For reasons stated the petition must be denied as untimely.

## IV.
### CONCLUSION

For the reasons stated above, the undersigned concludes that the petitioner is not entitled to federal habeas relief.

---

no matter what. Rec., p. 3309. The petitioner does not explain the connection between this statement and his claim of innocence.

Therefore, **IT IS RECOMMENDED** that the instant application be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 9th day of February, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE